UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AMELIA RIOS, ROBERT GREEN AND SAYRA GREEN, <br><br> Plaintiffs, <br><br> v. <br><br> CIOX HEALTH, LLC, HEALTHPORT TECHNOLOGIES, LLC, SCANSTAT, L.P., NORTH SHORE AGENCY, INC., NIX HOSPITALS SYSTEM, LLC, AND PARTNERS IN PRIMARY CARE, P.A., <br><br> Defendants. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 5:18-CV-00538-ESC |

**DEFENDANT METHODIST HEALTHCARE SYSTEM OF SAN ANTONIO, LTD., LLP D/B/A METHODIST AMBULATORY SURGERY CENTER'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS IN RESPONSE TO PLAINTIFFS' FIFTH AMENDED COMPLAINT**

TO THE HONORABLE MAGISTRATE JUDGE CHESNEY:

Comes now Methodist Healthcare System of San Antonio, Ltd., LLP, d/b/a Methodist Ambulatory Surgery Center (hereafter collectively referred to as "Methodist"), and pursuant to Fed. R. Civ. P. 12(b)(6), asks this Honorable Court to dismiss Plaintiffs' lawsuit against Methodist in its entirety, based on the allegations made against Methodist in Plaintiffs' Fifth Amended Complaint (hereafter referred to as the "Complaint") on the grounds that Plaintiffs have not alleged sufficient facts to show that Methodist can be held liable for the actions of Defendant Chase Receivables, Inc., ("Chase Receivables") or Defendant Ciox Health, LLC ("Ciox"). In support of the same, Methodist shows the Court the following:

## I.
## INTRODUCTION

This putative class action alleges that Defendants overcharged Plaintiffs for copies of their medical records in violation of 42 U.S.C. § 17935(e) (the "HITECH Act"), the Texas Debt

Collection Act ("TDCA") and the Texas Deceptive Trade Practices Act ("DTPA"). In ruling on several motions to dismiss in this lawsuit, this Court has held that Plaintiffs' case arises under the TDCA and the DTPA, and not under the HITECH Act. (Report and Recommendation and Order of United States Magistrate Judge, p. 11, ECM No. 43 ("Report and Recommendation")). Accordingly, to state a plausible claim against Methodist, Plaintiffs must allege that Methodist engaged in some form of actionable conduct under the TDCA or the DTPA.

A pre-requisite to stating a claim under the TDCA (and under the DTPA based on a violation of the TDCA) is the pleading of facts that bring Methodist within the statutory definition of a "debt collector" or facts that demonstrate its liability as a "creditor." After having an opportunity to amend their allegations against Methodist, the sole factual basis underlying Plaintiff's claims against Methodist remains that Defendant Ciox responded to Plaintiff Robert Green's requests for copies of his medical records "on behalf of and as agent" for Methodist and thereafter referred the debt for collection to Chase Receivables, which then began sending Mr. Green collection letters. (Fifth Amd. Compl., p. 10, ¶ 38-41). It is apparent from Plaintiffs' Fifth Amended Complaint that, in order to bring Methodist within the definition of "debt collector", Plaintiffs seek to hold Methodist vicariously liable for the conduct of Defendants Ciox and Chase Receivables. *Id.* However, absent allegations that show that Methodist had actual knowledge that Ciox or Chase Receivables repeatedly or continuously engaged in practices prohibited by the TDCA or that Methodist controlled the means and details of Chase Receivables and/or Ciox's collection efforts, Plaintiffs cannot hold Methodist vicariously liable for the actions of either of these other Defendants.

## II.
## STANDARD OF REVIEW

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept

as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

### III.
### ARGUMENTS & AUTHORITIES

    A.    **Plaintiffs Have Not Pleaded Sufficient Facts in Support of Their Contentions that Ciox and Chase Receivables were Methodist' Agents.**

3

Plaintiffs' Fifth Amended Complaint still fails to state a claim against Methodist. The TDCA provides a state law cause of action for wrongful debt collection. *See generally Cushman v. GC Servs., LP*, 657 F. Supp. 2d 834, 840 (S.D. Tex. 2009). Texas law forbids a debt collector from using "unfair or unconscionable means" or "fraudulent, deceptive, or misleading representation" that employs certain listed practices. Tex. Fin. Code §§ 392.303(a), 392.304(a). A violation of any of these TDCA provisions constitutes a deceptive trade practice under the DTPA. Tex. Fin. Code § 392.404. However, generally, claims under the TDCA (and the DTPA based on a violation of the TDCA), may only be alleged against a "debt collector." *See McDaniel v. JPMorgan Chase Bank, N.A.*, No. 1:12-cv- 392, 2012 WL 6114944, at *7 (E.D. Tex. Dec. 10, 2012) (listing essential elements of TDCA claim as including the defendant's identity as a debt collector). The TDCA defines "debt collector" as "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." Tex. Fin. Code § 392.001(6).

Unable to identify a single debt-collection activity undertaken by Methodist, Plaintiffs allege that "Methodist is vicariously liable for the conduct of [Ciox] and/or Chase Receivables." (Fifth Amd. Compl., p. 10, ¶ 42). The factual allegations against Methodist are contained in paragraphs 38-41 of Plaintiff's Fifth Amended Complaint. (ECM No. 122). By Plaintiffs' account:

> On or about October 4, 2017, Plaintiff Robert Green requested a copy of his medical records from Methodist. "This request was ignored. So on or about January 10, 2018, Mr. Green again requested that Methodist provide him with a copy of his medical records in electronic format. . . . On or about January 29, 2018, Defendant Healthport, **acting for and as agent on behalf of Methodist,** responded to Mr. Green's request for electronic medical records on behalf of Methodist . . . [t]hereafter, Healthport (now operating under the name Ciox), **acting for and on behalf of Methodist,** sent an invoice stating that Mr. Green would be required to pay $160.14 for the requested medical records. . . . Ciox, **acting for and on behalf of Methodist,** then referred the inflated debt associated with Mr. Green's request for his Methodist medical records to Chase Receivables

4

for collection. Beginning in February 2019, Chase Receivables, **acting for and on behalf of Ciox and/or Methodist,** began sending collection letters to Mr. Green by which it sought to collect $160.14 for such medical records."

(emphasis added). Based on the above allegations, Plaintiffs contend that Methodist engaged in debt collection within the meaning of the TDCA because it "directly or indirectly" engaged in debt collection from Mr. Green. (Fifth Amd. Compl., p. 10, ¶ 42). However, Plaintiff's conclusory allegations are insufficient to demonstrate an agency relationship between Methodist and either Ciox or Chase Receivables.

Under Texas law, "agency is a legal relationship created by an express or implied agreement or by operation of law whereby the agent is authorized to act for the principal, subject to the principal's control." *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1296 (5th Cir. 1994). An agency relationship must be shown affirmatively, and the party asserting the existence of an agency relationship bears the burden of proving it. *Id.* "To prove an agency relation under Texas law, there must be evidence from which the court could conclude that '[t]he alleged principal [had] the right to control both the means and the details of the process by which the alleged agent [was] to accomplish the task.'" *Id.* (quoting *In re Carolin Paxson Adver., Inc.*, 938 F.2d 595, 598 (5th Cir. 1991).

At least two federal district courts in Texas have rejected arguments virtually identical to those offered by Plaintiffs as against Methodist in the present case. In *London v. Gums,* the plaintiff borrowed money from a bail bonds company, owned by defendant Sharon Davis d/b/a Set 'Em Free ("Set 'Em Free"), to bail her husband out of jail. *London v. Gums,* CIV-A. H-12-3011, 2014 WL 546914, at *1. When the plaintiff failed to finish paying off the bond amount to 'Set Em Free, a Set 'Em Free employee, "Cookie", began repeatedly calling the plaintiff at home and at work in an attempt to collect the debt, indicating that the plaintiff could go to jail for her failure to pay, among other actionable conduct. *Id.* at *2. When Set 'Em Free was unsuccessful in getting the plaintiff to pay the remaining balance, it referred the debt for collection to TDA

Investigations Company, which then engaged in other actionable conduct. *Id.* Plaintiff brought suit against both TDA Investigations Company and 'Set Em Free, alleging violations of the FDCPA, the TDCA, and the DTPA. *Id.* at *1. As relevant here, the plaintiff sought to hold 'Set Em Free vicariously liable under the TDCA not only for the actions of its employee Cookie, but also for the actions of TDA Investigations Company. *Id.* at *8. The court held that 'Set Em Free was liable for the conduct of its employee, but not for that of TDA Investigations Company:

> There is no evidence that Davis d/b/a Set 'Em Free controlled or even knew about TDA Investigations' conduct. **There are also no allegations in London's complaint that Set 'Em Free Bail Bonds, Inc. had the right to control the means and details of TDA' Investigations' work.** Thus [the plaintiff] has not sufficiently demonstrated that Davis d/b/a Set 'Em Free can be vicariously liable for TDA Investigations' or its employees' violations of the [TDCA].

*Id.* (emphasis added).

Similarly, in *Schakosky v. Client Servs.,* the plaintiff alleged that he became delinquent on his Citibank credit card account and that Citibank assigned the account to Client Services, Inc. ("CSI") for collection. 634 F. Supp. 2d 732, 734 (E. D. Tex. 2007). Thereafter, representatives from CSI called the plaintiff at home and at work. *Id.* The plaintiff informed CSI he was unable to take its calls at work. CSI's representatives continued to call him at his place of employment and further informed his employer that CSI wished to collect the plaintiff's debt. The plaintiff sued CSI and Citibank, alleging various violations of the Federal Debt Collection Practices Act, the TDCA, and the DTPA. As to Citibank, the plaintiff alleged that CSI acted as Citibank's agent at all times and Citibank was therefore liable for CSI's actions. Id. at 734–35. Citibank moved to dismiss all of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6).

In analyzing the plaintiff's claims against Citibank, the court posed the following premise: "[the plaintiff] has stated a claim under the TDCA against Citibank only if Citibank is liable as a creditor **or** if Citibank is vicariously liable for CSI's actions as its principal." (emphasis added). Turning first to whether Citibank was liable as a creditor, the court recited

Tex. Fin. Code § 392.306's mandate that a creditor is liable under the TDCA for an independent debt collector's action if the creditor has "actual knowledge that the independent debt collector repeatedly or continuously engages in acts or practices" the TDCA prohibits. *Id.* at 736. The court then observed that the plaintiff had not plead any facts that suggested that Citibank had actual knowledge of CSI repeatedly engaging in practices prohibited by the TDCA. *Id.* at 737.[1] Turning to the plaintiff's agency theory, the court noted that the plaintiff had "not pleaded sufficient facts to support his allegations that CSI was Citibank's agent or that Citibank ratified CSI's conduct" and was thus not entitled to relief under the TDCA on a theory of vicarious liability. *Id.* at 737. Accordingly, the bank dismissed the plaintiff's claims without prejudice.

Here, despite their opportunity to amend, Plaintiffs have not plead sufficient facts that plausibly show entitlement to relief on the basis that either Ciox or Chase Receivables were Methodist' agent. Accordingly, Plaintiff's claims against Methodist should be dismissed.

## IV.
## PRAYER

For the foregoing reasons, Methodist Healthcare System of San Antonio, Ltd., LLP, d/b/a Methodist Ambulatory Surgery Center respectfully prays this Honorable Court to grant its Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6), and Order that Plaintiffs' claims and lawsuit against Methodist be dismissed for failure to state a claim upon which relief can be granted, and for such other relief to which it may be justly entitled.

---

[1] Plaintiffs do not seek to hold Methodist liable as a creditor under Tex. Fin. Code § 392.306. Methodist would contend that a reasonable and complete reading of Tex. Fin. Code § 392.306 shows that it provides the exclusive means of holding a creditor liable under the TDCA.

Respectfully submitted,

NAMAN, HOWELL, SMITH & LEE, PLLC
1001 Reunion Place, Suite 600
San Antonio, Texas 78216
Direct Line:   (210) 731-6339
Direct Fax:    (210) 785-2911

By: _____
J. MARK CRAUN
State Bar No. 05009800
mcraun@namanhowell.com
NEYMA E. FIGUEROA
State Bar No. 24097684
nfigueroa@namanhowell.com
**ATTORNEY FOR DEFENDANT,
METHODIST HEALTHCARE SYSTEM
OF SAN ANTONIO, LTD., LLP d/b/a
METHODIST AMBULATORY
SURGERY CENTER**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2019, I electronically filed the foregoing document through the Court's CM/ECF system which will send notification to:

Charles Riley
Darby Riley
RILEY & RILEY
320 Lexington Avenue
San Antonio, Texas 78215

and

Benjamin R. Bingham
Royal B. Lea, III
BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
**ATTORNEYS FOR PLAINTIFFS**

Whitney L. White
SESSIONS, FISHMAN, NATHAN & ISRAEL
900 Jackson Street, Suite 440
Dallas, Texas 75202
**ATTORNEYS FOR DEFENDANT,
CREDIT BUREAU OF NAPA COUNTY, INC.
d/b/a CHASE RECEIVABLES**

Abigail M. Lyle
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
***ATTORNEYS FOR DEFENDANTS,***
**Partners in Primary Care, P.A., Healthport Technologies, LLC d/b/a Healthport and Ciox Health, LLC d/b/a Healthport and d/b/a Ciox Health**

Laura T. Wagner, Esq.
HUNTON ANDREWS KURTH LLP
600 Peachtree Street, N.E., Suite 4100
Atlanta, GA 30308-2216
**ATTORNEYS FOR DEFENDANTS,
Healthport Technologies, LLC d/b/a Healthport and Ciox Health, LLC d/b/a Healthport and dba Ciox Health**

Richard G. Foster
Raj Aujla
PORTER ROGERS DAHLMAN & GORDON, PC
Trinity Plaza II
745 E. Mulberry, Suite 450
San Antonio, Texas 78212
**ATTORNEYS FOR DEFENDANT,
PARTNERS IN PRIMARY CARE, PA**

Charles A. Deacon
Alicia M. Grant
NORTON ROSE FULBRIGHT US, LLP
300 Convent Street, Suite 2100
San Antonio, Texas 78205
**ATTORNEYS FOR DEFENDANTS,
ScanStat L.P. d/b/a ScanSTAT Technologies and Nix Hospitals System, LLC d/b/a Nix Medical Center and d/b/a Nix Healthcare System, d/b/a Nix Physician Care Centers**

_____
J. MARK CRAUN