IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AMELIA RIOS, ROBERT GREEN, SAYRA GREEN,<br><br>*Plaintiffs,*<br><br>vs.<br><br>PARTNERS IN PRIMARY CARE, P.A., SCANSTAT. L.P., D/B/A SCANSTAT TECHNOLOGIES; NIX HOSPITALS SYSTEM, LLC, DBA NIX MEDICAL CENTER AND DBA NIX HEALTHCARE SYSTEM, DBA NIX PHYSICIAN CARE CENTERS; NORTH SHORE AGENCY INC., HEALTHPORT TECHNOLOGIES, LLC, DBA HEALTHPORT; AND CIOX HEALTH, LLC, DBA HEALTHPORT AND DBA CIOX HEALTH,<br><br>*Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§<br><br>SA-18-CV-00538-ESC |

## **ORDER DENYING MOTION TO DISMISS**

Before the Court in the above-styled cause of action is Defendant Methodist Healthcare System of San Antonio, Ltd., LLP d/b/a Methodist Ambulatory Surgery Center's Corrected Fed. R. Civ. P. 12(b)(6) Motion to Dismiss in Response to Plaintiffs' Fifth Amended Complaint [#134].[1] Plaintiffs filed a response [#135], and Defendant filed a Reply [#136]. The motion is now ripe for the Court's review. For the reasons that follow, the Court will **DENY** the motion.

### **I. Procedural Background**

This proposed class action arises under the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code §§ 392, *et seq.*, and the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Comm. Code § 17.41, *et seq.* Plaintiffs Amelia Rios, Robert Green, and Sayra Green filed this

---

[1] Defendant filed a previous version of the Motion to Dismiss that was inadvertently missing a page [#125]. The corrected version supersedes the previous motion.

action on May 31, 2018 against two healthcare providers—Defendants Nix Hospitals System, LLC (hereinafter "Nix") and Partners in Primary Care, P.A. (hereinafter "Partners in Primary Care")—and the companies responsible for their recordkeeping, invoicing, and collection—Defendants Healthport Technologies, LLC (hereinafter "Healthport"),[2] Ciox Health, LLC (hereinafter "Ciox"), ScanSTAT, L.P (hereinafter "ScanSTAT"), and North Shore Agency, Inc. (hereinafter "North Shore"). Plaintiffs allege that Defendants attempted to charge and collect an unauthorized fee for electronic copies of their medical records in violation of the fee restrictions contained in the Health Information Technology for Economic and Clinical Health Act (hereinafter "HITECH Act"), Pub. L. 111-5, Title XIII, 123 Stat. 264 (Feb. 17, 2009), and that these actions by Defendants violate the TDCA and DTPA. (Compl. [#1].)

Plaintiff have amended their pleadings multiple times, supplementing their allegations and adding additional Defendants to this action, to now also include Methodist Healthcare System (hereinafter "Methodist"), a third healthcare provider, and Chase Receivables (hereinafter "Chase"), another collection company. Plaintiffs' Fifth Amended Complaint [#122], the live pleading in this case, alleges that Plaintiffs requested electronic copies of their medical records from Defendants Nix, Partners in Primary Care, and Methodist and directed these Defendants to send their records to their attorneys, in connection with personal-injury litigation. (Second Am. Compl. [#122] at ¶¶ 15, 19, 29, 34, 38.) Plaintiffs claim that Defendants ScatSTAT and Healthport/Ciox responded to the requests on behalf of Nix and Partners in Primary Care by billing for the requested medical records; that the amount invoiced exceeded the charges allowed under the HITECH Act; and that Plaintiffs disputed the invoices on that basis.

---

[2] Plaintiffs state that Healthport changed its name to Ciox Health as part of a merger on November 19, 2016. (Second Am. Compl. [#40-1] at ¶ 21.) Accordingly, only Ciox, not Healthport, filed a motion to dismiss in this case.

2

(*Id.* at ¶¶ 16–18, 20–28, 30–33, 35–37, 39–42.) Plaintiffs allege that their complaints were ignored and Defendants continued to send them invoices for the disputed charges and/or sent the invoices to Defendants North Shore or Chase Receivables for collection. (*Id.*) Plaintiffs contend that these acts violate the TDCA and DTPA because Defendants attempted to collect a debt unauthorized by the HITECH Act. (*Id.*) Methodist now moves to dismiss Plaintiff's Fifth Amended Complaint on the basis that Plaintiffs have failed to allege it is a debt collector under the TDCA.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be

dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

### III. Analysis

The Court will deny Methodist's motion to dismiss. Methodist is one of the medical providers that Plaintiffs allege originally received a request for electronic copies of medical records. (Fifth Am. Compl. [#122] at ¶ 38.) Methodist argues it should be dismissed from this lawsuit because Plaintiffs do not allege it engaged in any actionable debt-collection conduct under the TDCA or DTPA. The undersigned disagrees.

A "debt collector" under the TDCA is defined as "a person who directly or indirectly engages in debt collection." Tex. Fin. Code § 392.001(6). "The TDCA's definition of debt collector is broader than the [Federal Debt Collection Practices Act's] definition." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722–23 (5th Cir. 2013). Debt collection "means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Tex. Fin. Code § 392.001(5) (emphasis added).

Plaintiffs allege that Plaintiff Robert Green requested that Methodist provide him with a copy of his medical records in electronic format on October 4, 2017; the request was ignored; and Green again requested an electronic copy of his records on January 10, 2018. (Fifth Am. Compl. [#122] at ¶ 38.) Plaintiffs claim Green asked Methodist to send the records to his attorney in connection with claims arising out of personal injuries sustained during a slip-and-fall incident occurring in January 2016. (*Id.*) According to Plaintiffs' Fifth Amended Complaint, Defendant Ciox, acting for and as an agent on behalf of Methodist, responded to the request and provided the records to Green via U.S. Mail then sent Green an invoice for $160.14. (*Id.* at ¶

39.) Ciox thereafter allegedly referred the debt to Chase for collection, and Chase, also acting for and as an agent on behalf of Ciox and Methodist, began sending Green collection letters. (*Id.* at ¶ 41.) Plaintiffs claim Methodist engaged in debt collection under the TDCA and DTPA either indirectly or directly based on these allegations, and/or is vicariously liable for the conduct of Ciox and Chase. (*Id.* at ¶ 42.)

Methodist argues that these allegations are insufficient to plead agency or vicarious liability, and the Complaint should be dismissed. In doing so, Methodist relies primarily on the Fifth Circuit's decision in *Christiana Trust v. Riddle*, in which the court held that Plaintiff failed to allege an agency relationship between Bank of America, as principal, and its purported loan servicers as agents, such that Bank of America could be liable for the acts of its agents violating the Real Estate Settlement Procedures Act (RESPA). 911 F.3d 799, 803–04 (5th Cir. 2018). In *Riddle*, the court explained that "to determine whether an agency relationship exists, the Supreme Court looks to the Restatement of Agency, which requires both the principal's control over the agent and both parties' consent to the agent's acting on the principal's behalf." *Id.* at 803; *see also* Restatement (Third) of Agency § 1.01 cmt. f(1) (2006) ("An essential element of agency is the principal's right to control the agent's actions. . . . The power to give interim instructions distinguishes principals in agency relationships from those who contract to receive services provided by persons who are not agents."). Yet in *Riddle*, the portion of the complaint asserting a RESPA violation did not make any reference whatsoever to Bank of America. 911 F.3d at 803. In arguing against dismissal, Riddle attempted to rely solely on general principles of vicarious liability referenced in the introductory portion of the complaint ("mortgagees [sic] can be vicariously liable for the RESPA violations of their servicers"), rather than fact pleading as to the actual relationship between Bank of America and the servicers or alleging a theory that

5

Bank of America was specifically liable for the RESPA violation at issue. *Id.* Plaintiffs' Fifth Amended Complaint, in contrast, asserts allegations against Methodist specifically, claiming that Methodist engaged in debt collection because it had Ciox respond to Green's request for records and bill for the services and Ciox in turn referred the debt to Chase for collection. (Fifth Am. Compl. [#122] at ¶¶ 38–41.)

Methodist has not persuaded the Court that it is entitled to dismissal of Plaintiffs' Complaint at this early stage of the proceedings. The only other cases cited by Methodist in support of its position are distinguishable from the facts before the Court and the procedural posture of this case. In *London v. Gums*, the court evaluated whether a plaintiff had proved agency at a bench trial on a full record and therefore says little about the question before the court—whether a complaint plausibly alleges agency so as to survive a motion to dismiss. *See*, No. CIV.A. H-12-3011, 2014 WL 546914, at *8 (S.D. Tex. Feb. 10, 2014) (holding that there was no evidence that bail bonds company controlled conduct of private investigation firm so as to prove agency relationship). In *Schakosky v. Client Servs., Inc.*, Citibank assigned Schakosky's credit card account to Client Services, Inc. ("CSI"), and a representative of the company repeatedly called Schakosky at work in an attempt to collect the debt and even informed his employer of the debt-collection activity. 634 F. Supp. 2d 732, 734 (E.D. Tex. 2007). On a motion to dismiss the TDCA claim against Citibank, the court reasoned that there were no facts suggesting Citibank had actual knowledge of CSI's engagement in practices allegedly prohibited by the TDCA, such that Schakosky could be plausibly entitled to relief against Citibank. *Id.* at 737. The Court therefore granted the motion to dismiss but without prejudice to seeking leave to add Citibank as a defendant at a later date if discovery revealed evidence sufficient to impute CSI's conduct to Citibank. *Id.* at 738.

The Court finds it significant that there is no allegation in this case, as in *Schakosky*, that Ciox and Chase were employing rogue tactics or engaging in harassment in collecting the debt such that Methodist's knowledge or ratification of their actions would not be a logical inference from the facts. Plaintiffs' allegations are that Ciox simply provided the requested records and billed an amount in excess of what is allowed by the HITECH Act. Plaintiffs have adequately pleaded facts indicating an agency relationship exists between Methodist and Ciox and Chase. *See Fullwood v. Capital One Servs., L.L.C.*, No. 1:09-CV-225-C, 2010 WL 11614085, at *4 (N.D. Tex. Mar. 25, 2010) (holding that plaintiffs adequately pleaded facts that agency relationship existed).

**IT IS THEREFORE ORDERED** that Defendant Methodist Healthcare System of San Antonio, Ltd., LLP d/b/a Methodist Ambulatory Surgery Center's Corrected Fed. R. Civ. P. 12(b)(6) Motion to Dismiss in Response to Plaintiffs' Fifth Amended Complaint [#134] is **DENIED**.

SIGNED this 16th day of December, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE